UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH S. GELMIS, Individually and on behalf of all others similarly situated, | Case No.: 08-cv-00980 |
| Plaintiff, | ECF CASE |
| -v- | |
| EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, FRED N. PRATT, JR., and MUNICIPAL MORTGAGE & EQUITY, LLC., | |
| Defendants. | |
| JULES ROTHAS, Individually and on behalf of all others similarly situated, | Case No. 08-cv-01120 |
| Plaintiff, | |
| -v- | |
| MUNICIPAL MORTGAGE & EQUITY, LLC., MARK K. JOSEPH, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MELANIE M. LUNDQUIST and DAVID B. KAY, | |
| Defendants. | |

(Additional captions to follow)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THE
MOTION OF ARNOLD J. ROSS FOR THE CONSOLIDATION OF ALL
RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF AND FOR
APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ARNOLD J. ROSS, Individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>        -v-<br><br>EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, and MUNICIPAL MORTGAGE & EQUITY, LLC.<br><br>                   Defendants. | Case No. 08-cv-1299 |
| ALEX D'ANGELO, Individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br><br>        -v-<br><br>MUNICIPAL MORTGAGE & EQUITY, LLC, EARL W. COLE, III, MICHAEL L. FALCONE, WILLIAM S. HARRISON, MARK K. JOSEPH, MELANIE M. LUNDQUIST, GARY A. MENTESANA, ROBERT J. BANKS, CHARLES C. BAUM, RICHARD O. BERNDT, EDDIE C. BROWN, ROBERT S. HILLMAN, DOUGLAS A. McGREGOR, ARTHUR S. MEHLMAN, AND FRED N. PRATT, JR.,<br><br>                  Defendants. | Case No. 08-cv-01331 RMB |

NAOMI RAPHAEL, Individually and on behalf
of all others similarly situated,

                     Plaintiff,

       -v-

MUNICIPAL MORTGAGE & EQUITY,
LLC., MARK J. JOSEPH, MICHAEL L.
FALCONE, WILLIAM S. HARRISON,
MELANIE M. LUNDQUIST, DAVID B.
KAY, CHARLES C. BAUM, EDDIE C.
BROWN, ROBERT S. HILLMAN, ARTHUR
S. MEHLMAN, and FRED N. PRATT, JR.,

                  Defendants.

Case No. 08-cv-02190

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 3

I.     RELATED ACTIONS SHOULD BE CONSOLIDATED ............................... 4

II.    ARNOLD J. ROSS SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THE
       CLASS IN THE CONSOLIDATED ACTION .............................................. 5

       A.     The Procedures Required By The PSLRA ............................................. 5

       B.     Plaintiff Satisfies The Lead Plaintiff Provisions Of The PSLRA .......................... 6

              1.     Plaintiff Has Complied With The Procedural Retirements of the PSLRA ... 6

              2.     Plaintiff Has The Largest Financial Interest In The Relief ........................... 7

              3.     Plaintiff Otherwise Satisfies Rule 23 ........................................................ 7

                     (a)    The Claims Of The Proposed Lead Plaintiff Are Typical Of The
                            Claims Of The Class ................................................................ 9

                     (b)    The Proposed Lead Plaintiff Will Fairly And Adequately Represent
                            The Interests Of The Class .................................................... 9

III.   THIS COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF LEAD COUNSEL. 10

CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*In re Crayfish Co. Sec. Litig.,*
   00 Civ. 6766 (DAB), 2002 U.S. Dist. LEXIS 10134, 2002 WL 1268012
   (S.D.N.Y. June 6, 2006)................................................................................8

*In re Drexel Burnham Lambert Group, Inc.,*
   960 F.2d 285 (2d Cir. 1992).........................................................................9

*In re eSpeed, Inc. Sec. Litig.,*
   232 F.R.D. 95 (S.D.N.Y. 2005) ....................................................................8

*In re Olsten Corp. Sec. Litig.,*
   3 F. Supp. 2d 286 (E. D.N.Y. 1998) .............................................................8

*Johnson v. Celotex Corp.,*
   899 F.2d 1281 (2d Cir. 1990)........................................................................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc..*
   229 F.R.D. 395; 2004 U.S. Dist. LEXIS 9571 (S.D.N.Y. 2004) ...................2, 10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.,*
   216 F.R.D. 248 (S.D.N.Y. 2003) ..................................................................8

*Weltz v. Lee,*
   199 F.R.D. 129 (S.D.N.Y 2001) ...................................................................6

*Werner v. Satterlee, Stephens, Burke & Burke,*
   797 F. Supp. 1196 (S.D.N.Y. 1992)...............................................................5

**Statutes**

§21D...............................................................................................................passim
15 U.S.C. §78u-4(a)(3)(B)(ii) .............................................................................4
15 U.S.C. 78u-4(a)(3)(B)(iii)(II) .........................................................................8
15 U.S.C.§§ 78 u-4(a)(3)(B)(i), 77z-1(a)(3)(B)(i) ................................................2
15 U.S.C.§§ 78u-4(a)(3)(B)(iii)(I), 77z −1(a)(3)(B)(iii)(I) ....................................2
F. R. Civ. P. Rule 23(a).......................................................................................8
F. R. Civ. P. Rule 42(a).......................................................................................1, 4

**Treatises**

Rep. No. 104-98 (1995),
   *reprinted* in 1995 U.S.C.C.A.N. 679 ..........................................................1

H.R. Conf. Rep. No. 104-369 (1995)
   *reprinted* in 1995 U.S.C.C.A.N. 730............................................................1

## PRELIMINARY STATEMENT

ARNOLD J. ROSS ("Ross" or "Movant")[1] respectfully submits this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (i) consolidating all related class actions; (ii) appointing Mr. Ross as the Lead Plaintiff in the consolidated action and any subsequently filed related cases, and (iii) approving his selection of Abbey Spanier Rodd & Abrams, LLP ("Abbey Spanier") as Lead Counsel for the Class.

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist the courts. Institutions with large stakes in class actions have much the same interests as the plaintiff class generally.

Rep. No. 104-98, at 11 (1995), *reprinted* in 1995 U.S.C.C.A.N. 679, 690.

The first steps in a securities class action are consolidation of related actions, appointment of a lead plaintiff and approval of the lead plaintiff's selection of lead counsel. Consolidation is appropriate pursuant to Fed. R. Civ. P. Rule 42(a) because all of the actions raise common issues of law – all allege claims pursuant to the Exchange Act and are governed by the PSLRA. The claims all arise from the same core facts relating to statements made by defendant Municipal Mortgage & Equity LLC ("MMA" or "MuniMae", or the "Company") and certain of its officers and directors in filings with the Securities and Exchange Commission ("SEC"), press releases and conference calls. The consolidation of similar securities class actions is a prerequisite to the appointment of lead plaintiff and approval of lead counsel, and is routinely done in these types of cases. "Accordingly, the PSLRA amends the Exchange Act, by among other things, setting forth a procedure governing

---

[1]    Mr. Ross's certification setting forth his transactions in MuniMae common stock during the Class Period (defined below) is attached as Exhibit A to the Declaration of Nancy Kaboolian ("Kaboolian Decl.") submitted herewith.

the appointment of lead plaintiff or plaintiffs in 'each action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*., 229 F.R.D. 395, 403 (S.D.N.Y. 2004).

After consolidating the cases, the Court should appoint the "most adequate plaintiff" to serve as lead plaintiff in the action. 15 U.S.C. §§ 78 u-4(a)(3)(B)(i). The "most adequate plaintiff" is the movant with the "largest financial interest" in the relief sought by the Class that has made a *prima facie* showing that it meets the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I).

Mr. Ross purchased or acquired 2283.14 shares of MuniMae during the Class Period (defined below) and as a result has suffered losses of approximately $43,000.00. Mr. Ross believes that he may have sustained the largest loss of any qualified investor seeking to be appointed lead plaintiff for the consolidated action. Mr. Ross is familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands its responsibilities to the class, and is willing and able to oversee the prosecution of this action. Mr. Ross has the desire, ability and resources to actively participate in the monitoring of this class action so that a maximum recovery for the putative class obtained.

In addition, the Plaintiff also meets the adequacy and typicality requirements of Rule 23, as demonstrated below. Pursuant to the PSLRA, the lead plaintiff selects lead counsel, subject to the Court's approval. The Court should approve the Plaintiff's choice of Abbey Spanier as lead counsel. As set forth in the firm's resume (Kaboolian Decl., Ex. C), Abbey Spanier has extensive experience, has successfully litigated these types of cases, and has been appointed as lead counsel in numerous class actions.

2

## STATEMENT OF FACTS

This is a federal class action brought on behalf of all persons or entities who purchased the securities of MuniMae during the period from January 30, 2003 to January 28, 2008 ("Class Period"), pursuing remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder.

the Complaint alleges that during the Class Period defendants recklessly disregarded the following adverse facts: (1) that the Company has maintained artificially inflated asset values on a significant portion of its tax-exempt bond portfolio and has not properly recognized other-than-temporary impairments in its loan portfolio; and (2) that the Company has failed to maintain adequate internal accounting controls and procedures, and has, in fact, overridden controls and procedures.

On January 28, 2008, after the market closed, MMA announced that it would reduce its dividend distribution payable on February 15, 2008 to $0.33 per share from $0.525 per share. In addition, the Company announced plans to restate its financial statements for the years ending December 31, 2004 and 2005 and that it would not be able to file its annual report for the year ending December 31, 2006 with the SEC in a timely manner. MMA cautioned that, as a result, its shares were likely to be delisted from the New York Stock Exchange. On January 29, 2008, MMA disclosed in a filing with the SEC details of the anticipated restatement, including changes in its accounting policies with respect to, among other things, its ownership interests in certain entities; recognition of revenue in connection with its low income housing tax credit business; valuation of its held-for-sale loans, bonds, derivatives, mortgage servicing rights and guarantee obligations; accounting for derivatives; and recognition of additional guarantee obligations as liabilities.

The news shocked the market. As a result of the January 28th and 29th announcements, the

price of the Company's common stock opened up for trading at $12.33 per share but immediately

fell to below $10.50 per share, and closed for trading on January 29, 2008 at $9.19 per share, down

$8.01 per share from the previous days close of $17.20, or 46%.

## I.    RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA, among other things, provides for consolidation of related actions brought under

the federal securities laws.  Section 21D(a)(3)(B)(ii) of the Exchange Act addresses the issue of

consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the
> same claim or claims arising under this title has been filed, and any
> party has sought to consolidate those actions for pretrial purposes or
> for trial, the court shall not make the determination [of appointment
> of lead plaintiff under §21D(a)(3)(B)(I)] until after the decision on the
> motion to consolidate is rendered.

15 U.S.C. §78u-4(a)(3)(B)(ii).  Rule 42(a) of the Federal Rules of Civil Procedure provides as

follows:

> When actions involving a common question of law or fact are
> pending before the court, it may order a joint hearing or trial of any or
> all of the matters in issue in the actions; it may order all the actions
> consolidated; and it may make such orders concerning proceedings
> therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

Consolidation is appropriate when, as here, there are actions involving common questions of

law or fact.  Each of the above-captioned actions asserts class action claims on behalf of class

members who purchased or otherwise acquired MuniMae securities during the Class Period.

Movant believes consolidation is appropriate for the related actions filed in this Court because they

involve common questions of law and fact and allege the same or similar claims under the federal

securities laws on behalf of the same or similar plaintiff class.  *Werner v. Satterlee, Stephens, Burke*

4

*& Burke*, 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (consolidation appropriate in securities actions where complaints are based on the same public statements and reports and there are common questions of law and fact).  In addition, all actions will involve similar issues regarding class certification, and will involve identical discovery of the parties and of non-parties.  Accordingly, these actions should be consolidated for all purposes in the interest of judicial economy and overall efficiency. *See, Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) ("[C]ourts have taken the view that considerations of judicial economy favor consolidation.").

Mr. Ross therefore requests that the Court consolidate the above-captioned actions and any subsequently filed related actions.

## II.    ARNOLD J. ROSS SHOULD BE APPOINTED AS LEAD PLAINTIFF FOR THE CLASS IN THE CONSOLIDATED ACTION

### A.    The Procedures Required By The PSLRA

Section 21D of the Exchange Act sets forth the procedure for the selection of lead plaintiff to oversee class actions brought under the federal securities laws.  Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and its right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II).  Section 21D(a)(3)(B)(i) of the Exchange Act directs the Court to consider any motion by a plaintiff or purported class member to serve as lead plaintiff in response to any such notice within 90 days after the date of publication pursuant to §21D.  If more

than one action asserting substantially the same claims has been filed, and a motion to consolidate

has been made, the court must decide the consolidation motion before the lead plaintiff motion. The

lead plaintiff motion is to be decided as soon as practicable thereafter. Under this section, the Court

shall consider any motion made by a class member, and shall appoint as lead plaintiff the member or

members that the Court determines to be most capable of adequately representing the interests of

class members.

> In determining the "most adequate plaintiff," the PSLRA provides that:

>> §21D(a)(3)(B)(iii)(I). [T]he Court shall adopt a presumption that the
>> most adequate plaintiff in any private action arising under this title is
>> the person or group of persons that –

(aa)    has either filed the complaint or made a motion in response to a
notice . . .;

(bb)    in the determination of the court, has the largest financial interest in
the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal
Rules of Civil Procedure.

## B.  <u>Plaintiff Satisfies The Lead Plaintiff Provisions Of The PSLRA</u>

### 1.    **Plaintiff Has Complied With The Procedural Retirements of the PSLRA**

The plaintiff in the first filed action caused a notice to be published on January 30, 2008 on

PRIME NEWSWIRE, a widely circulated national business-oriented wire service. *See* Kaboolian

Decl., Ex. A. The time period in which class members may move to be appointed lead plaintiff

herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on March 31, 2008.

Pursuant to the PSLRA, and within the requisite time frame after publication of the required

notice, Plaintiff is timely moving this Court to be appointed lead plaintiff on behalf of all members

of the Class. Plaintiffs' motion includes its required certification setting forth, among other things,

its transactions in MMA securities during the Class Period; that Mr. Ross has reviewed the complaints filed in the actions; and that Plaintiff is willing to serve as a representative party on behalf of the Class. *See* Certification, Kaboolian Decl., Ex. A. In addition, Plaintiff has selected and retained experienced and competent counsel to represent it and the Class. *See* Kaboolian Decl., Ex. C.

### 2.    Plaintiff Has The Largest Financial Interest In The Relief Sought By The Class

The most adequate plaintiff is the person or group of persons that, in the determination of the Court, has the largest financial interest in the relief sought by the class. As noted above, the analysis central to appointing the Lead Plaintiff focuses on a four-part test: (1) the number of shares of the subject securities purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiff during the class period; and (4) the approximate losses suffered by the plaintiff. *See, e.g., Mamma.com Inc.*, 2005 U.S. Dist. LEXIS 10224 at *4, 2005 WL 1278097 at *1.

During the Class Period, Plaintiff purchased or acquired 2283.14 shares of MMA during the Class Period  for approximately $58,937.00 and has suffered losses of approximately  $43,000.00. Mr. Ross did not sell any of his shares. Plaintiff believes he may have the largest financial interest of any movant. *See* Kaboolian Decl., Ex. C. Plaintiff therefore is presumptively the most adequate plaintiff pursuant to the PSLRA.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3.    Plaintiff Otherwise Satisfies Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. Rule 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (citing *In re Crayfish Co. Sec. Litig.*, 00 Civ. 6766, 2002 U.S. Dist. LEXIS 10134, 2002 WL 1268012 at *4 (S.D.N.Y. June 6, 2006)).

With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. At this stage of the action, Plaintiff "need only make a preliminary showing that it satisf[ies] the typicality and adequacy requirements of Rule 23." *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998)).

Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the individuals or the group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. 78u-4(a)(3)(B)(iii)(II).

As detailed below, the Plaintiff satisfies the typicality and adequacy requirements of Rule 23.

### (a)      The Claims Of The Proposed Lead Plaintiff

## Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff: (a) has suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; (c) and its claims are based on the same legal issues. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). The questions of law and fact common to the class members here, which predominate over questions that may affect individual claims, include: (a) whether the federal securities laws were violated by defendants' acts; (b) whether defendants' statements during the Class Period omitted and/or misrepresented material facts; (c) whether the defendants acted intentionally or recklessly; (d) whether the market price of MMA stock was artificially inflated due to the activities complained of; and (e) the extent of damages class members sustained and the appropriate measure of those damages. The claims of Plaintiff are typical of the claims of the members of the proposed Class. The Plaintiff, as do all members of the class, alleges that certain of MMA's directors and high ranking officers violated the Exchange Act by publicly disseminating false and misleading statements, and by failing to disclose material adverse facts about MMA during the Class Period. Further, the Plaintiff as did all of the members of the proposed class, acquired MMA stock at prices inflated by defendants' misrepresentations and omissions and were damaged thereby. The typicality requirement is satisfied here because the claims asserted by the Movant are based on the same legal theory and arise "from the same course of events, and each class member makes similar legal arguments to prove defendants' liability." *Drexel Burnham*, 960 F.2d at 291.

### (b)    The Proposed Lead Plaintiff Will Fairly And Adequately Represent The Interests Of The Class

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." In order to satisfy the adequacy requirement of Rule 23(a), there should not be

a conflict between the interests of the class and the named plaintiff, nor should there be collusion among the litigants; and the plaintiff's attorney must be qualified and experienced. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust*, 229 F.R.D. at 412.

The interests of the Plaintiff are clearly aligned with the members of the proposed class. There is no evidence of any antagonism between the interests of the Plaintiff and the proposed class members. As detailed above, the claims of Plaintiff and the class involve substantially similar questions of law and fact, its claims are typical of those asserted by members of the class, and it is taking significant steps to advance this litigation. In addition, the Plaintiff has amply demonstrated its adequacy to serve as the class representative by signing a certification affirming its willingness to serve as, and assume the responsibilities of, the class representative.

Finally, the Plaintiff has selected and retained counsel highly experienced in prosecuting securities class actions. For these reasons, the Plaintiff is entitled to the most adequate plaintiff presumption and should be appointed lead plaintiff in the consolidated action.

### III.    THIS COURT SHOULD APPROVE PLAINTIFF'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval. See §21D(a)(3)(B)(v). The Plaintiff has selected the law firm of Abbey Spanier to serve as lead counsel. Abbey Spanier has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* Kaboolian Decl., Ex. C.

### CONCLUSION

For the foregoing reasons, the Plaintiff respectfully requests that the Court: (i) consolidate all related cases (ii) appoint Arnold J. Ross as lead plaintiff in the consolidated action; and (iii) approve

its choice of Abbey Spanier as lead counsel.

Dated: March 31, 2008
       New York, New York

Respectfully Submitted,

**ABBEY SPANIER RODD &
ABRAMS, LLP**

By: _____
Nancy Kaboolian (NK 6346)
212 East 39th Street
New York, New York 10016
**nkaboolian@abbeyspanier.com**
Tel: (212) 889-3700
Fax: (212) 684-5191

Proposed Lead Counsel for
Arnold J. Ross Proposed Lead Plaintiff